**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**TEXAS HYDRAULICS, INC., Defendant.**

No. 1:06–CV–161.

United States District Court, E.D. Tennessee, at Chattanooga.

April 16, 2008.

See also 246 F.R.D. 548.

Faye A. Williams, Steven W. Dills, Deidre Smith, United States of America, Equal Employment Opportunity Commission, Memphis, TN, Sally Ramsey, United States of America, Equal Employment Opportunity Commission, Nashville, TN, for Plaintiff.

Karen Neely, Mitchell S. Allen, Powell Goldstein, LLP, Atlanta, GA, for Defendant.

## MEMORANDUM AND ORDER

HARRY S. MATTICE, JR., District Judge.

Plaintiff Equal Opportunity Employment Commission brings this action on behalf of Keith Vogeler, alleging that Defendant Texas Hydraulics, Inc.'s refusal to accommodate Mr. Vogeler's religious beliefs was an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e *et seq.*, and a violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.*

Before the Court is Defendant's Motion for Summary Judgment [Court Doc. 35]. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.,* 253 F.3d 900, 907 (6th Cir.2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322, 106 S.Ct. 2548. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir.2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).

## II. FACTS

The facts, viewed in the light most favorable to the Plaintiff, are as follows.

Plaintiff Equal Employment Opportunity Commission brings this action on behalf of Keith Vogeler. Vogeler was employed by Defendant Texas Hydraulics, Inc. as a production employee for in excess of ten years. (Court Doc. 35–4, Deposition of Keith Vogeler ("Vogeler Dep."), p. 112.) Defendant manufactures hydraulic cylinders at its plant in Athens, Tennessee. (*Id.* at 150–51.)

Vogeler has a sincerely held religious belief that the Sabbath is to be observed from sundown on Friday to sundown on Saturday. (*Id.* at 113.) He believes it is a sin for anyone to work on the Sabbath and, even if offered a million dollars, he would not work on the Sabbath. (*Id.* at 183, 38.) At all times relevant to this litigation, Defendant was on full notice of Vogeler's religious beliefs and his refusal to work on Saturday. (*Id.* at 113.)

Vogeler was originally employed by Defendant as a mill operator. (Court Doc. 51–12 at 2.) When Defendant eliminated the operator position in May 2003, he was transferred to the saws department. (*Id.*) Six weeks later, to accommodate for his refusal to work on Saturdays, Vogeler was transferred to paint and packaging. (*Id.*; Vogeler Dep. at 137–38.) As an employee in paint and packaging, Vogeler was not required to work on Saturdays until February 2004. (*Id.* at 162.)

In 2004 and 2005, Defendant's business increased nearly 150%. (Court Doc. 35–13, Declaration of Elmer "Rod" Taylor, ¶¶ 4–5.) To increase production to meet the increased demand, Defendant began mandating Saturday overtime shifts with increasing frequency. (*Id.* at ¶ 6.) Although Defendant attempted to hire enough employees to fully staff the plant, it was unable to do so. (Court Doc. 35–6, Deposition of Jacky Cook ("Cook Dep."), p. 74–75.)

When Defendant experienced substantial growth in early 2004, Vogeler's supervisor informed Vogeler that he would be excused from the mandatory Saturday overtime shifts only if he could find someone in his own department that was willing to work for him. (*Id.* at 29–31, 92; Court Doc. 51–10.) Although Vogeler's supervisor was occasionally able to find someone

to fill Vogeler's Saturday shift, he did not look for substitutes outside of Vogeler's department. (Cook Dep. at 45–47; Court Doc. 51–13 at 4; Court Doc. 51–7, Deposition of Scott Underwood ("Underwood Dep."), p. 21.)

Texas Hydraulics has an attendance policy under which an employee is assessed one point for each unexcused absence. (Court Doc. 51–11.) An employee can be terminated once they have accumulated seven points. (*Id.*) Vogeler was assessed attendance points for his failure to work on seven different Saturdays in January, March, and October 2005.[1] (Court Doc. 51–12 at 6.) Vogeler was terminated on October 24, 2005 for accumulation of points under the attendance policy. (Vogeler Dep. at 112.) It is undisputed that all of the points assessed against Vogeler were for instances in which he refused to work on the Sabbath because of his religious beliefs.

### III. ANALYSIS

Plaintiff claims that Defendant's failure to accommodate Vogeler's sincerely held religious beliefs was a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Court Doc. 1 at 1.) Title VII provides, in relevant part:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of his employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual

of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a). Title VII also states: "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

"The analysis of any religious accommodation case begins with the question of whether the employee has established a *prima facie* case of religious discrimination." *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir.1987). For purposes of summary judgment, Defendant does not dispute that Plaintiff has established a *prima facie* case of religious discrimination. (Court Doc. 36 at 17.)

"Once an employee has established a *prima facie* case, the employer has the burden 'to show that it could not reasonably accommodate the employee without undue hardship.'" *Tepper v. Potter*, 505 F.3d 508, 514 (6th Cir.2007) (quoting *Virts v. Consolidated Freightways Corp.*, 285 F.3d 508, 516 (6th Cir.2002)). "For the purpose of religious accommodations, '[t]o require an employer to bear more than a *de minimis* cost in order to accommodate an employee's religious beliefs is an undue hardship.'" *Id.* (quoting *Cooper v. Oak Rubber Co.*, 15 F.3d 1375, 1378 (6th Cir.1994)). "The reasonableness of an employer's attempt at accommodation must be determined on a case-by-case

---

1. By agreement, Defendant did not assess attendance points against Vogeler while the EEOC was investigating a prior charge brought by Vogeler for religious discrimina-

tion. (Court Doc. 51–12 at 4–6.) Defendant resumed assessing attendance points once the EEOC completed its investigation and dismissed Vogeler's initial charge. (*Id.*)

basis and is generally a question of fact for the jury, rather than a question of law for the court." *EEOC v. Robert Bosch Corp.*, 169 Fed.Appx. 942, 944 (6th Cir.2006).

■■ Defendant argues that the issue on summary judgment "has nothing to do with [Defendant's] offered accommodations—it has to do with the fact that accommodating Mr. Vogeler's religious beliefs would have caused an undue burden on [Defendant's] business by way of lost efficiency." (Court Doc. 54 at 2.) This argument, however, misstates the proper analysis. "[T]he Court must first determine what actions, if any, the employer took to accommodate the employee's religious beliefs. It must then determine whether such actions, or any actions suggested by the plaintiff, would constitute undue hardship." *Boomsma v. Greyhound Food Management, Inc.*, 639 F.Supp. 1448, 1453 (W.D.Mich.1986). Both the reasonableness of an offered accommodation, and the amount of effort that an employer put into determining whether a reasonable accommodation was possible, are relevant to whether the defendant has sustained its burden on summary judgment. *See Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1088 (6th Cir.1987).

■■ An employer cannot simply assert that any accommodation would have been an undue burden. *See EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219, 222 (6th Cir.1991) ("After failing to pursue this or any other reasonable accommodation, the company is in no position to argue that it was unable to accommodate reasonably his religious needs without undue hardship on the conduct of business.") While an employer is not required to actually implement all of the considered accommodations in an effort to determine whether they are, in fact, unduly burdensome, *see DePriest v. Dep't of Human Services of State of Tennessee*, 1987 WL 44454, *4 (6th Cir. Oct.1, 1987), it has an affirmative

obligation to attempt to accommodate an employee's religious beliefs. 42 U.S.C. § 2000e(j). *See also Smith*, 827 F.2d at 1088 (noting that Congress amended Title VII to include an affirmative obligation to attempt to accommodate an employee's religious beliefs). If an employer can show that it offered an employee a reasonable accommodation, the employer has discharged its statutory duty. *Ansonia Bd. of Education v. Philbrook*, 479 U.S. 60, 68–69, 107 S.Ct. 367, 93 L.Ed.2d 305 (1986).

■ In this case, Defendant does not argue that it offered Vogeler a reasonable accommodation. Instead, Defendant claims that it was unable to accommodate Vogeler's refusal to work on Saturday because all of the accommodations suggested by Vogeler would have caused it to suffer an undue burden. (Court Doc. 36 at 18.)

Defendant's argument misstates who bears the burden of accommodation in a Title VII case. Perhaps Defendant has confused the accommodation provisions in Title VII with the accommodation provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et al.* The ADA places the initial burden on the plaintiff to propose an accommodation and demonstrate that the proposed accommodation is reasonable. 42 U.S.C. § 12112(b)(5)(A). Title VII puts the burden on the employer to "demonstrate[ ] that he is unable to reasonably accommodate to an employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). *See also* 29 C.F.R. § 1605.2(c)(1) (after employee has notified employer of religious conflict, employer has duty to accommodate).

■ In its summary judgment briefing, Defendant repeatedly emphasizes Vogeler's actions. (Court Doc. 54 at 5) ("Moreover, the only persons **suggested by Vogeler** as being 'available' were already

working.") (Emphasis in original.) As discussed above, the statute clearly places the burden on the employer to demonstrate that it attempted to accommodate the employee's religious beliefs. 42 U.S.C. § 2000e(j). While it is also clear that the employee must contribute to the conversation and cannot reject a reasonable accommodation, the employer bears the ultimate burden of accommodation, unless it can show that each and every accommodation would cause an undue burden. *See Smith,* 827 F.2d at 1085 ("Although the burden is on the employer to accommodate an employee's religious needs, the employee must make some effort to cooperate with an employer's attempt at accommodation."); 29 C.F.R. § 1605.2(c)(1) (employer must consider each and every available accommodation before determining that it can not accommodate an employee's religious beliefs).

■■■■The Court must therefore look at what efforts Defendant made to discharge its obligation to accommodate Vogeler. To meet its burden on summary judgment, an employer must demonstrate that it at least considered possible options that would have accommodated an employee and that these options were rejected because they *would have caused an undue hardship. Smith,* 827 F.2d at 1085. As the United States Court of Appeals for the Sixth Circuit has stated:

> An employer does not sustain his burden of proof merely by showing that an accommodation would be bothersome to administer or disruptive of the operating routine. In addition, we are somewhat skeptical of hypothetical hardships that an employer thinks might be caused by an accommodation that never has been put into practice. The employer is on stronger ground when he has attempted various methods of accommodation and can point to hardships that actually resulted.

*Draper v. United States Pipe & Foundry Co.,* 527 F.2d 515, 520 (6th Cir.1975).

■■■ Defendant proposed at least one accommodation for Vogeler. Jacky Cook, Vogeler's supervisor, told Vogeler that if Vogeler could find another qualified individual to take his Saturday shifts, then he would be excused. (Cook Dep. at 29, 92; Court Doc. 51–10.) This is not a reasonable accommodation because Vogeler had repeatedly told Cook that he considers it a sin for anyone to work on Saturday, not just himself. (Vogeler Dep. at 183.) "[W]here an employee sincerely believes that working [on the Sabbath] is morally wrong and that it is a sin to try to induce another to work in his stead, then an employer's attempt to accommodate that requires the employee to seek his own replacement is not reasonable." *Smith,* 827 F.2d at 1088.

Defendant's plant manager considered being "more forgiving" with Vogeler's accumulation of attendance points "hoping that we basically could ride out the time." (Underwood Dep. at 7.) This is not a reasonable accommodation. "[A] week-to-week, wait-and-see posture is no accommodation at all. Nor is the statute satisfied by an ad hoc arrangement contemplating that the inevitable collision between the employee's religious beliefs and the company's new work schedule would be dealt with when it arose." *EEOC v. Robert Bosch Corp.,* 2006 WL 406296, * 3 (6th Cir. Feb.26, 2006) (quoting *EEOC v. Arlington Transit Mix, Inc.,* 957 F.2d 219, 222 (6th Cir.1991)).

■■■ If the accommodations originally proposed by the employer are not reasonable, the employer has a continuing obligation to attempt to accommodate an employee's religious beliefs. *Smith,* 827 F.2d at 1088. "A refusal to accommodate is justified only when an employer or labor organization can show that an undue hardship would in fact result from each avail-

able alternative method of accommodation." 29 C.F.R. § 1605.2(c)(1).

Had Defendant initiated and implemented a voluntary shift exchange for Vogeler, it would have likely satisfied its burden. *See* 29 C.F.R. § 1605.2(d)(i) ("the obligation to accommodate requires that employers and labor organizations facilitate the securing of a voluntary substitute with substantially similar qualifications.") At a minimum, Defendant could have compiled a list of employees that were qualified to substitute for Vogeler, informed them of Vogeler's religious conflict, and asked if they would be willing to switch shifts or substitute. *See EEOC v. Robert Bosch Corp.*, 169 Fed.Appx. 942, 944–45 (6th Cir. 2006) (listing options that would have been reasonable accommodations). Defendant failed to do so. (Underwood Dep. at 16, Cook Dep. at 32, Songer Dep. at 54.)

Another option would have been for Defendant to post a notice asking if any employee would be willing to substitute for Vogeler. *See Smith*, 827 F.2d at 1089 (finding that it was not an undue hardship for an employer to post an announcement on an employee board and in an employee newsletter asking for volunteers to swap shifts as an accommodation). Defendant has explicitly admitted that it did not solicit volunteers from outside of the paint and packaging department to substitute for Vogeler. (Court Doc. 51–13 at 4; Underwood Dep. at 21.) There is no evidence that Defendant even asked all of the employees within paint and packaging if they would be willing to substitute. Defendant could have considered the second shift employees in paint and packaging as possible volunteers to change shifts with Vogeler on the weekends.

Defendant also could have considered changing Vogeler's job to something that involved less Saturday shifts. *See* 29 C.F.R. § 1605.2(d)(iii) ("When an employee cannot be accommodated either as to his or her entire job or an assignment within the job, employers and labor organizations should consider whether or not it is possible to change the job assignment or give the employee a lateral transfer.") In 2003, Vogeler was employed in the saws department. (Vogeler Dep. at 137–38.) He was moved from saws to paint and packaging to accommodate his refusal to work on Saturday. (*Id.*) When his refusal to work on Saturday became an issue in paint and packaging, there is no evidence that Defendant considered whether another transfer would have been a reasonable accommodation.

Defendant has offered no evidence that it attempted to find a *reasonable* accommodation for Vogeler. Defendant's human resources manager does not remember ever having a conversation about accommodating Vogeler and that she never personally made any effort to accommodate him. (Songer Dep. at 11, 21.) Defendant's plant manager has admitted that he did not meet with Vogeler to discuss possible accommodations prior to his termination. (Underwood Dep. at 6.) Defendant's failure to produce evidence showing its efforts at accommodating Vogeler is telling. *See Stone v. West*, 133 F.Supp.2d 972, 984 (E.D.Mich.2001) ("Presumably, if Defendant truly made the effort to accommodate Plaintiff, it would have been an easy task to produce evidence of such efforts, as well as any resulting hardship.")

Defendant claims that this case is analogous to *Cooper v. Oak Rubber Company*, 15 F.3d 1375 (6th Cir.1994). In *Cooper*, the United States Court of Appeals for the Sixth Circuit overturned a district court's finding that the plaintiff had failed to make a *prima facie* showing of religious discrimination. The Court found that the plaintiff had made out a *prima facie* case and went on to evaluate whether the defendant could have accommodated the plaintiff's beliefs without an undue burden. *Id.* at 1379.

The Court reviewed two of the accommodations that were offered to the plaintiff, changing shifts and using accrued vacation days, and found that they were unreasonable. *Id.* at 1379–80. The Court also evaluated two additional possible accommodations, hiring another employee and simply allowing plaintiff to take off every Saturday, and found that they would have caused an undue burden. *Id.* at 1380. Ultimately, the Court concluded that the defendant had discharged its statutory obligation because it had shown that it could not accommodate the plaintiff's religious beliefs without suffering undue hardship. *Id.*

The major distinguishing factor between *Cooper* and the case *sub judice* is that the employer in *Cooper* evaluated a number of possible accommodations and put forth well-reasoned explanations for why they were not viable. Here, Defendant seems to throw up its hands and claim that any possible accommodation would have caused an undue burden. That does not meet Defendant's burden under Title VII. *See* 29 C.F.R. § 1605.2(c)(1) (failure to accommodate is justified only when all options have been considered and rejected); *Stone v. West*, 133 F.Supp.2d 972, 984 (E.D.Mich. 2001) ("Defendant must produce evidence that the [employer] made an effort to accommodate Plaintiff, and that difficulties in fact arose in the course of this effort.")

The Court finds this case to be more analogous to *EEOC v. Arlington Transit Mix, Inc.*, 957 F.2d 219 (6th Cir.1991). In *Arlington*, the district court ruled in favor of the employer, finding that accommodating the plaintiff would cause undue hardship. The Sixth Circuit overturned the district court's ruling because the employer had not made a sincere effort at accommodation. *Id.* at 222. The Court stated: "After failing to pursue this or any other reasonable accommodation, the company is in no position to argue that it was unable to accommodate reasonably his religious needs without undue hardship on the conduct of its business." *Id.*

The parties do not dispute that Plaintiff has made out a *prima facie* case of religious discrimination. It is undisputed, therefore, that Defendant bears the burden of showing that it could not reasonably accommodate Plaintiff without suffering undue hardship. *Cooper*, 15 F.3d at 1378. Defendant has failed to put forth adequate evidence showing that it considered various accommodations and rejected them because they would have caused undue hardship. Defendant has therefore failed to sustain its burden on summary judgment. *See EEOC v. Robert Bosch Corp.*, 169 Fed. Appx. 942, 946 (6th Cir.2006) (where there is a lack of or conflicting evidence about what the employer was willing to do to attempt to accommodate the employee, summary judgment is improper).

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment [Court Doc. 35] is **DENIED.**

SO ORDERED.